Bobby E. DOTSON, Plaintiff-Appellant,

v.

Kenneth G. GAIDOS and Susan H. Gaidos, et al., Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 8, 1987.

Permission to Appeal Denied by Supreme Court Aug. 31, 1987.

Michael F. Mondelli, Nashville, for plaintiff-appellant.

John E. Rodgers, Jr., Butler, Lackey, Rodgers & Snedeker, Nashville, for defendants-appellees.

## OPINION

CANTRELL, Judge.

Relying on T.C.A. § 66–11–139, the chancellor dismissed the appellant's lawsuit in which he sought to recover damages under a construction contract with the defendants and to assert a lien on their property. The chancellor held that neither action would lie

**120**

because the amount claimed by the appellant was grossly exaggerated.

On September 10, 1985, the appellant filed a notice of lien in the Register's Office of Williamson County claiming a balance of $47,887.03 due for labor, material and profit on a contract under which he performed work on the defendant's property described in the notice.

On October 7, 1985, the appellant filed suit asking for a judgment of $50,465.37 plus interest, reasonable attorney fees, and costs, and in addition to secure the payment of the judgment, he prayed for the imposition of a lien on the real property on which the work was done. The defendants answered and said that the amount claimed by the plaintiff was exaggerated, and that the plaintiff had not furnished the materials nor performed the work described in the complaint.

When the case came on to be heard the chancellor heard the direct examination and part of the cross-examination of Mr. Dotson, and then summarily dismissed the action based on the following section of the Tennessee Code:

§ 66–11–139. Exaggeration of amount by lienor.—If in any action to enforce the lien the court shall find that any lienor has willfully and grossly exaggerated the amount for which he claims a lien, as stated in his registration of lien or pleading filed, no recovery may be allowed thereon, in the discretion of the court.

In the judgment dismissing the complaint, the chancellor found that the plaintiff was not a licensed contractor and therefore could not assert a lien against the property of the defendants. In addition the court held that since the plaintiff was not a licensed contractor, he could not recover anything under the contract itself but was restricted to recovering actual documented expenses under T.C.A. § 62–6–103(c).

We are in agreement with the chancellor on his conclusion concerning the effect of Mr. Dotson's being unlicensed. However, we believe the chancellor was in error on his interpretation of T.C.A. § 66–11–139. Although the issue is not completely free of doubt, we believe that the statute only applies to the lienor's claim *for a lien* and not to the *claim for the debt*. Where the statute says no "recovery may be allowed thereon, in the discretion of the court" it refers back to the beginning of the section to "any action to enforce the lien." Thus, a willful and gross exaggeration of the claim may allow the court to deny the claimant a lien but, nothing else appearing, it will not defeat the claimant's right to recover the amount justly due.

The judgment of the court is reversed and the cause is remanded to the Chancery Court of Williamson County for any further proceedings necessary. Tax the costs on appeal to the appellees.

TODD, P.J. (M.S.), and LEWIS, J., concur.